**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MICHAEL WHALEY, ID # 645333,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:09-CV-0888-B-BH |
| ) | |
| **NATHANIEL QUARTERMAN, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his aggravated robbery conviction, forty-year sentence, and probation revocation related to Cause No. F91-45041. (*See* Pet. Writ of Habeas Corpus (Pet.) at 1, 6.) Respondent is Nathaniel Quarterman, Director of TDCJ-CID. In three grounds for relief, petitioner claims that (1) he was denied a hearing before the revocation of his probation; (2) his guilty plea was based on false promises; and (3) prosecutors engaged in misconduct. (Pet. at 6-8.)

Petitioner has challenged his aggravated robbery conviction in at least three prior federal habeas actions. *See Whaley v. Quarterman*, No. 3:09-CV-0548-B, 2009 WL 1038189, at *1 (N.D. Tex. Apr. 17, 2009) (accepting recommendation of Mag. J. identifying two prior challenges).[1]

---

[1] A search of the U.S. Party/Case Index shows that petitioner has pursued twelve prior habeas petitions in this district and in the Eastern District of Texas.

Accordingly, the Court considers whether it has jurisdiction over the instant petition.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

If a § 2254 petition constitutes a second or successive petition, this Court cannot exercise jurisdiction over it without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive when it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).[2] A petition that is literally second or successive is not a second or successive application for purposes of § 2244(b), however, if the prior dismissal is based on

---

[2] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4.

prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

Petitioner has challenged his aggravated robbery conviction in three prior federal petitions, one of which was dismissed as untimely and two were considered as successive. *See Whaley v. Quarterman*, No. 3:09-CV-0548-B, 2009 WL 1038189, at *1 (N.D. Tex. Apr. 17, 2009). The Fifth Circuit has twice denied petitioner authorization to file a successive petition under 28 U.S.C. § 2254. *See id.* (citing *In re Whaley*, Nos. 06-10346 and 07-10495 (5th Cir. June 15, 2006, and July 11, 2007)). This federal petition is likewise successive because it raises claims that could have been raised in his first petition. Accordingly, this Court lacks jurisdiction over petitioner's challenge absent authorization.

### III. SANCTIONS

As noted above, petitioner has filed at least three prior habeas actions challenging his conviction in Cause No. F91-45041. In addition, he has pursued ten other habeas actions in two jurisdictions.

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority."

3

*In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices."  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Because this is at least the fourth time petitioner has tried to collaterally attack his state conviction, petitioner should be admonished or warned that sanctions may be imposed if he files another successive habeas petition without first obtaining authorization from the Fifth Circuit.  If he persists, he should be monetarily sanctioned and/or barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

## IV.  RECOMMENDATION

The Court should **DISMISS** this action for lack of jurisdiction.  The Court should also **WARN** petitioner that, if he files another successive habeas petition without first obtaining leave from the Fifth Circuit Court of Appeals, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

**SIGNED this 14th day of May, 2009.**

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                      _____
                      IRMA CARRILLO RAMIREZ
                      UNITED STATES MAGISTRATE JUDGE